**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTONIO INTZIN-RAMIREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1999-D** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Antonio Intzin-Ramirez, a citizen of Mexico proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is a citizen of Mexico who entered the United States in or around 2006. (Doc. 1, at Ex. 1, at 1).

- Petitioner alleges he was placed in removal proceedings and taken into ICE custody on or about July 23, 2025. (*Id.*).

- On October 20, 2025, an immigration judge ordered Petitioner removed to Mexico. (*Id.*) *See* EOIR Automated Case Information System, acis.eoir.justice.gov/en/caseInformation (last visited Oct. 26, 2026).

- Petitioner appealed to the Board of Immigration Appeals ("BIA") on November 18, 2025, and that appeal remains pending. (*Id.*) Thus, Petitioner is not subject to a final order of removal.

- Petitioner alleges he has been detained throughout his immigration proceedings without a bond hearing. (Doc. 1, at Ex. 1, at 1).

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1; Doc. 14, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. His detention without a bond hearing violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. (Doc. 1, at Ex. 1, at 2).

2. His detention is governed by 8 U.S.C. § 1226(a), and he is entitled to a bond hearing. (*Id.* at 3).

As relief, Petitioner requests immediate release from custody or, alternatively, a bond hearing before a neutral immigration judge at which the government bears the burden of proof.[3] (*Id.*; Doc. 1, at 7).

Respondents acknowledge that this matter is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), while preserving their position that § 1225(b)(2)(A) governs. (Doc. 7, at 1 & n.2). "Respondents request that any order be limited to ordering the Respondents to provide a bond hearing within seven days" and that the Court not address Petitioner's constitutional claims. (*Id.* at 1-2).

Respondents later advised the Court that an immigration judge held a custody redetermination hearing on August 25, 2026, at which Petitioner withdrew his request for a change in custody status. (Doc. 8, at 1; *id.* at Exs. 1-2). The immigration judge's order reflects only that the request was "Withdrawn." (*Id.* at Ex. 2, at 1). Respondents do not contend that the hearing rendered the Petition moot or that Petitioner failed to exhaust his administrative remedies.

The undersigned ordered Petitioner to respond to the Notice and advise whether he still seeks a court-ordered bond hearing. (Doc. 9, at 1). In Reply, Petitioner accepts Respondents' request that he be provided a bond hearing within seven days and asks that the Court shift the burden of proof to the government. (Doc. 11, at 1). And in response to the Notice, Petitioner confirms that he still seeks a court-ordered bond hearing. (Doc. 12,

---

[3] Petitioner also asks the Court to order Respondents to refrain from re-detaining him "without proper notice and change in circumstances," (Doc. 1, at Ex. 1, at 3), but the relief recommended is limited to what is described below.

at 1). Petitioner disputes that he withdrew his request, stating that he "was told this was just protocol," that nothing was explained to him, and that he did not sign anything that would have caused the withdrawal. (*Id.*).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.[4]

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate

[4] The August 25, 2026, proceeding does not change this conclusion. As discussed above, Respondents do not contend that it moots the Petition, and nothing in the record shows that an immigration judge has determined whether Petitioner poses a danger to the community or a flight risk.

release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[5]

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's due process claim, particularly as it would result in the same relief. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

[5] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

**The Court advises the parties of their right to object to this Report and Recommendation by November 2, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[6] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 26th day of October, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").