**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTONIO INTZIN-RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1999-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Antonio Intzin-Ramirez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Mexico who entered the United States in 2006. Petitioner was detained by the U.S. Immigration and Customs Enforcement (ICE) on July 23, 2025. Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma, and his removal proceedings are ongoing. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A).

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. On October 26, 2026, Judge Maxfield issued a Report and Recommendation [Doc. No. 15], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a).

Respondents filed a timely Objection to Report and Recommendation [Doc. No. 16]. However, in their objection, Respondents concede that the Tenth Circuit's decision in

*Santillan Quiroz v. Mullin* controls the outcome of this case. [Doc. No. 16, at 1]; *see Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents do not object to Judge Maxfield's determination that it is unnecessary to address Petitioner's due process claim in light of the recommended relief of a bond hearing.

The Court agrees with Judge Maxfield that 8 U.S.C. § 1226, not § 1225(b)(2)(A), applies to Petitioner's detention. The Court further agrees with Judge Maxfield that a bond hearing is the appropriate remedy. *See Santillan Quiroz*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 15] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 4th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.